## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, as subrogee of TRANSYSTEMS CORPORATION,  )<br>)<br>)<br>)<br>Plaintiff,                              )<br>)<br>v.                                          )<br>)<br>APAC-CENTRAL, INC.,                         )<br>)<br>Defendant.                             )<br>)<br>)  | Case No. 12-CV-1409-JAR |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 6). Plaintiff moves to remand this matter based on Defendant's failure to timely file its Notice of Removal. Defendant has failed to respond to the motion to remand. For the reasons set forth in more detail below, the Court finds that the motion should be granted.

Plaintiff filed its Petition in the District Court of Montgomery County, Kansas, on September 27, 2012.[1] The Petition asserts causes of action based on negligence and breach of contract. On October 30, 2012, Defendant filed its Notice of Removal to this Court.[2] The Notice of Removal purports to be timely filed, and states that it is "being filed within thirty (30) days after Defendant's October 1, 2012, purported receipt of service by certified mail and less than one year after the commencement of Plaintiff's action."[3]

---

[1] Doc. 1 at 4.

[2] *Id.* at 1.

[3] *Id.* at 2.

On November 27, 2012, Plaintiff filed the instant Motion to Remand. Pursuant to D. Kan. Rule 6.1(d)(2), responses to motions to remand "must be filed and served within 21 days."[4] Defendant did not file an opposition to Plaintiff's Motion to Remand, and the time for filing any opposition has passed. D. Kan. Rule 7.4(b) provides that "[i]f a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[5] Therefore, the Court finds that Plaintiff's Motion to Remand shall be granted.

Plaintiffs ask the Court for an award of attorneys' fees and costs incurred as a result of the improper removal of this case. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[6] *Martin v. Franklin Capital Corp.*[7] sets out the appropriate standard for awarding such fees under the statute:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. . . . In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to

---

[4] D. Kan. Rule 6.1(d)(2).

[5] D. Kan. Rule 7.4(b).

[6] 28 U.S.C. § 1447(c).

[7] 546 U.S. 132 (2005).

the purposes" of awarding fees under § 1447(c).[8]

The Court is unable to find that Defendant lacked an objectively reasonable basis for removal and thus, denies Plaintiffs' request for attorneys' fees.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 6) **GRANTED.** This case shall be remanded back to the District Court of Montgomery County, Kansas.

**IT IS SO ORDERED.**

Dated: January 7, 2013

           S/ Julie A. Robinson

           JULIE A. ROBINSON

           UNITED STATES DISTRICT JUDGE

---

[8] *Id.* at 141 (citations omitted).